UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGELA DIRISIO,

                Plaintiff,

v.                                                5:15-CV-1181
                                                (GTS)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON        STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.            MICHELLE L. CHRIST, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this Social Security action filed by Angela Dirisio ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 9, 13.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted.

**I.     RELEVANT BACKGROUND**

   **A.     Factual Background**

Plaintiff was born on April 21, 1976. (T. 185.)[1] Plaintiff completed two years of college, and has past work as a cashier and an insurance company service representative. (T. 189-90.) Generally, Plaintiff's alleged disability consists of bipolar disorder and carpal tunnel syndrome. (T. 189.)

   **B.     Procedural History**

On February 9, 2012, Plaintiff applied for a period of Disability and Disability Insurance Benefits, alleging disability beginning April 18, 2011. (T. 19.) Plaintiff's application was initially denied on June 6, 2012, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) On September 12, 2013, Plaintiff appeared in a video hearing before the ALJ, John P. Ramos. (T. 31-63.) On February 10, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 11-30.) On September 3, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.)

   **C.     The ALJ's Decision**

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 21-29.) First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, and has not engaged in substantial gainful activity since April 18, 2011, the alleged onset date. (T. 21.) Second, the ALJ found that Plaintiff's residuals of bilateral carpal tunnel releases, obesity, and bipolar

---

[1]     Page citations refer to the page numbers used on CM/ECF rather than the page numbers contained in the parties' respective motion papers.

2

disorder are severe impairments, but that Plaintiff's back pain and headaches are not severe impairments. (T. 21-22.) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (the "Listings"). (T. 22-24.) The ALJ considered Listings 12.04 and 12.06. (*Id.*) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b)[2] and she retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact with others to the extent necessary to carry out simple tasks, but she should avoid work requiring more complex interactions or joint efforts with other coworkers to achieve work goals, and she should have no more than occasional, brief interaction with the public. The claimant can handle reasonable levels of simple, work-related stress, in that the can make decisions directly related to the performance of simple work and she can handle usual workplace changes and interactions associated with simple work.

(T. 24-28.) Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. (T. 28). Sixth, and finally, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T. 28-29.)

**D.     The Parties' Briefings on Their Cross-Motions**

Plaintiff essentially argues that the ALJ committed reversible error by failing to include the full range of Plaintiff's nonexertional limitations in the RFC, including limitations in reaching, handling, fingering, and feeling. (Dkt. No. 9, at 3-7 [Pl.'s Mem. of Law].) Within this argument, Plaintiff argues that the ALJ's step five determination was not supported by substantial evidence. (*Id.,* at 6.)

---

[2]     Light work requires the abilities to sit for six hours, stand or walk for six hours, lift up to 20 pounds at a time, and frequently lift or carry up to ten pounds during an eight-hour workday. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251 (1983).

Defendant argues that the ALJ's RFC determination was supported by substantial evidence. (Dkt. No. 13, at 7-11 [Def.'s Mem. of Law].) Within this argument, Defendant argues that the ALJ's step five determination was also supported by substantial evidence. (*Id.,* at 11.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides,

because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could

perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

**III.    ANALYSIS**

    **A.    Whether the ALJ's Physical RFC Determination is Supported by Substantial Evidence**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. Dkt. No. 13, at 7-11 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Residual functional capacity ("RFC") is defined as

> what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 [July 2, 1996]). Social Security regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of . . . [a plaintiff's] impairment(s), including . . . [a plaintiff's] symptoms, diagnosis and prognosis, what . . . [a plaintiff] can still do despite impairment(s), and . . . [a plaintiff's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

"In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y. Aug. 29, 2013) (citing 20 C.F.R. § 404.1545[a][3]-[4]). The ALJ must consider opinions from acceptable medical sources to show how a claimant's impairments may affect his or her ability to work. 20 C.F.R. § 404.1513(a)(1)-(5) (identifying the five types of acceptable medical sources as: (1) licensed physicians, (2) licensed or certified psychologists, (3) licensed optometrists, (4) licensed podiatrists, and (5) qualified speech-language pathologists).

In formulating a plaintiff's RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Zongos v. Colvin*, 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014). Moreover, an ALJ is not required "explicitly to reconcile every conflicting shred of medical testimony." *See Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981) (finding that the ALJ was not required to reconcile two apparently inconsistent medical opinions; it was sufficient that the ALJ noted that he carefully considered the exhibits presented in evidence in reaching his decision). Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Plaintiff argues that the ALJ's RFC failed to include limitations in reaching, handling, fingering, feeling. (Dkt. No. 9, at 3-7 [Pl.'s Mem. of Law].) However, Plaintiff does not cite, and the record does not contain, a medical opinion indicating that Plaintiff had limitations performing

8

these functions. (*Id.*) First, the Court notes that the ALJ is entitled to rely not only on what the record says, but also on what it does not say in determining a plaintiff's RFC. *See Diaz v. Shalala,* 59 F.3d 307, 315 (2d. Cir. 1995) ("The Secretary is entitled to rely not only on what the record says, but also on what it does not say."). Second, the Court finds that the ALJ's physical RFC determination was supported by the only medical opinion of Plaintiff's work-related physical limitation in the record, provided by consultative examiner, Kalyani Ganesh, M.D. (T. 432-35.)

On May 4, 2012, Dr. Ganesh examined Plaintiff and provided an opinion of her physical abilities and limitations. (T. 432-35.) Dr. Ganesh opined that Plaintiff had mild limitation in lifting, carrying, pushing, and pulling; and had no gross limitation in sitting, standing, and walking. (T. 435.) Upon examination, Dr. Ganesh observed that Plaintiff had a normal gait, was able to walk on her heels and toes without difficulty, was able to rise from a chair without difficulty, and needed no help changing for the examination or getting on and off the examination table. (T. 25, 433.) Dr. Ganesh observed that Plaintiff had full range of motion of the spine, as well as her shoulders, elbows, forearms, and wrists bilaterally. (T. 429.) Dr. Ganesh further observed that Plaintiff's hand and finger dexterity were intact, and her right hand grip strength was three out of five. (*Id.*) Dr. Ganesh diagnosed Plaintiff with status post carpal tunnel release surgery, noting that Plaintiff had carpal tunnel surgery on her left hand in January 2012, and on her right hand in March 2012. (T. 432, 435.)

The ALJ discussed Dr. Ganesh's examination findings and noted that, while Dr. Ganesh found diminished grip strength on the right, the examination occurred only two months after Plaintiff's right carpal tunnel release surgery. (T. 25.) In determining Plaintiff's physical RFC, the ALJ afforded "significant weight" to Dr. Ganesh's opinion, reasoning that the opinion was

consistent with Dr. Ganesh's examination findings and Plaintiff's treatment notes in the record. (*Id.*) For the following reasons, and for the reasons set forth in Defendant's memorandum of law, the Court finds that substantial evidence supports the ALJ's assessment of Dr. Ganesh's opinion and Plaintiff's physical RFC. Dkt. No. 13, at 7-11 [Def.'s Mem. of Law].)

First, the ALJ properly applied the regulations in assessing Dr. Ganesh's opinion by considering Dr. Ganesh's professional credentials, examination of Plaintiff and examination notes, and the consistency of Dr. Ganesh's opinion with the record as a whole. (T. 25); 20 C.F.R. § 404.1527(c)(1)-(6); *see also Suttles v. Colvin,* 654 F. App'x 44, 46 (2d Cir. 2016) (summary order) (listing factors for evaluating a consultative examiner's opinion); *Fuimo v. Colvin,* 11-CV-0339, 948 F. Supp.2d 260, 267 (N.D.N.Y. 2013) (listing factors). Where, as here, an ALJ's reasoning and adherence to the regulations are clear, the ALJ is not required to review each and every factor of the regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (holding that, where a plaintiff challenged the ALJ's failure to review each factor provided for in 20 C.F.R. § 404.1527[c], "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

Second, in determining a plaintiff's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability. 20 C.F.R. §§ 404.1512(b)(1)(vi), 404.1513(c), 404.1527(e); *see also Frey ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) (summary order) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 14-CV-0063, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As

10

such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted).

For the foregoing reasons, the Court find that the ALJ's physical RFC assessment was supported by substantial evidence.

### B. Whether the ALJ's Step Five Determination Was Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13, at 11 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

At step five of the sequential process, the burden shifts to the Commissioner to establish that there is other work that exists in significant numbers in the national economy that a plaintiff can perform based on the plaintiff's RFC, age, education, and past relevant work. *Butts v. Barnhart,* 388 F.3d 377, 383 (2d Cir. 2004). The Commissioner can usually establish that there is other work that a plaintiff can perform by reliance on the Medical-Vocational guidelines contained in 20 C.F.R. Part 404, Subpart P, App. 2, commonly referred to as "the Grids." *Baldwin v. Astrue*, 07-CV-6958, 2009 WL 4931363, at *20 (S.D.N.Y. Dec. 21, 2009).

When a plaintiff suffers from nonexertional limitations that significantly limit the plaintiff's employment opportunities, exclusive reliance on the Grids is inappropriate. *Baldwin*, 2009 WL 4931363, at *27 (citing *Bapp v. Bowen*, 802 F.2d 601, 605 [2d Cir. 1986]). However, "the mere existence of a non-exertional limitation does not automatically preclude reliance on the guidelines." *Zabala v. Astrue,* 595 F.3d 402, 410-11 (2d Cir. 2010) (citing *Bapp,* 802 F.2d at 603.) A plaintiff's range of potential employment is significantly limited when the plaintiff "suffers from the additional loss of work capacity beyond a negligible one or, in other words, one

11

that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Baldwin*, 2009 WL 4931363, at *27.

Plaintiff argues that the ALJ's step five determination was unsupported by substantial evidence because it was based on the ALJ's flawed physical RFC determination that failed to include limitations in reaching, handling, fingering, and feeling. (Dkt. No. 9, at 6 [Pl.'s Mem. of Law].) However, as discussed above in Part III.A. of this Decision and Order, the ALJ's physical RFC determination was supported by substantial evidence, including the opinion of consultative examiner Dr. Ganesh. (T. 435.) Moreover, the ALJ properly found that Plaintiff's physical limitations had little or no limiting effect on the occupational base of unskilled light work at step five. (T. 28.) *Zabala v. Astrue,* 595 F.3d 402, 409 (2d Cir. 2010).

For these reasons, the ALJ's step five determination was supported by substantial evidence, and remand is not necessary on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: December 20, 2016
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge